IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GILBERTO AGUILAR, JR., <br> BOP Register No. 27317-078, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-2247-N-BN |
| K. ZOOK, Warden, | § § § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Gilberto Aguilar, Jr., a federal prisoner, convicted of conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846, and sentenced to 180 months of imprisonment, *see United States v. Aguilar*, No. 4:17-cr-00047-SDJ-KPJ (E.D. Tex.), is currently incarcerated at FCI Seagoville, in this district.

Through a habeas petition under 28 U.S.C. § 2241, filed *pro se*, Aguilar now alleges that the conditions of his confinement violate the Eighth Amendment based on assertions that the Federal Bureau of Prisons ("BOP") cannot protect him from the COVID-19 virus, and, as a result, he requests that he be released or, alternatively, that the Court order Seagoville's warden to change the prison's practices that address the ongoing pandemic. *See* Dkt. No. 3.

Aguilar's habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the petition without prejudice for lack of subject matter jurisdiction.

Aguilar does not challenge the legal authority under which he is detained. That is, he does not challenge "the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Aguilar instead challenges the legality of the conditions under which he is detained.

And, as multiple judges of this Court have recognized, even considering the exigencies caused by the COVID-19 pandemic, conditions of confinement claims are "not cognizable under Section 2241." *Cureno Hernandez v. Mora*, ___ F. Supp. 3d ___, No. 1:20-cv-104-H, 2020 WL 3246753, at *1 (N.D. Tex. June 15, 2020); *see also, e.g., Valencia v. Carr*, No. 4:20-cv-821-O, 2020 WL 4581645, at *2 (N.D. Tex. Aug. 7, 2020) ("Petitioner does not challenge the validity of her sentences or convictions or the BOP's administrative calculation of her release date, which is the traditional 'essence' of habeas corpus. It is the nature of the substantive legal claim itself and the pertinent factual allegations – in addition to the relief sought – that determines whether the claim challenges 'the validity of confinement' and thus sounds in habeas corpus. Petitioner's claims challenging unconstitutional conditions of confinement do not sound in traditional habeas corpus. Thus, a § 2241 habeas petition is not the proper vehicle for raising her claims, and this Court lacks jurisdiction to consider the claims and grant the declaratory and injunctive relief requested." (collecting cases; citations omitted)); *Umarbaev v. Moore*, No. 3:20-cv-1279-B, 2020 WL 3051448, at *5

(N.D. Tex., Jun. 6, 2020) ("In sum, aside from conditions of confinement alleged to be unconstitutional that, if proved to be true, will result in accelerated release, 'habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.'" (quoting *Pierre*, 525 F.3d at 935-36)); *Sanchez v. Brown*, No. 3:20-cv-832-E, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020) ("[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. An inmate is not entitled to relief in a habeas corpus petition based on civil rights claims related to the conditions of his confinement. Plaintiffs do not challenge the cause of their detention or contend that they are being held for an improper duration. They seek release due to the conditions at the jail caused by COVID-19. The Court concludes it lacks jurisdiction over Plaintiffs' habeas action." (citations omitted)).

> Fifth Circuit precedent provides that unconstitutional conditions of confinement – even conditions that create a risk of serious physical injury, illness, or death – do not warrant release. Even allegations of mistreatment that amount to cruel and unusual punishment do not nullify an otherwise lawful incarceration or detention. Rather, the proper remedy for unconstitutional conditions of confinement should be equitable – to enjoin the unlawful practices that make the conditions intolerable. Thus, "allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."

*Cureno Hernandez*, 2020 WL 3246753, at *4 (citations omitted); *see also Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (per curiam) ("Lineberry has not

provided any authority for his argument that he is entitled to be released because he has allegedly been subjected to cruel and unusual punishment. His challenges to the conditions of confinement, even if proved to be true, will not result in his accelerated release. The proper remedy is to require the discontinuance of a practice or to require the correction of an unconstitutional condition. The district court correctly dismissed these claims without prejudice based on a determination that Lineberry must seek such remedies in a civil rights action." (citations omitted)).

The Court therefore lacks subject matter jurisdiction over this habeas action. *See, e.g., Cureno Hernandez*, 2020 WL 3246753, at \*6 ("[T]his Court, like most district courts to consider the issue, will follow the bright-line rule established by decades of Fifth Circuit precedent that conditions-of-confinement claims are not the proper subject matter for a writ of habeas corpus.").

And Aguilar's requesting release does not itself transform this civil case into a habeas action. *See, e.g., Umarbaev*, 2020 WL 3051448, at \*5 ("[M]erely requesting, as relief, release from custody does not convert an action into one under the habeas statute." (citations omitted); *Shah v. Wolf*, No. 3:20-cv-994-C-BH, 2020 WL 4456530, at \*6 (N.D. Tex. July 13, 2020) ("A petitioner cannot simply transform a conditions-of-confinement claim into a habeas claim by, as here, requesting the habeas remedy of release and claiming the unconstitutional condition of confinement is the confinement itself. Because Petitioner ultimately challenges the conditions of his confinement and the appropriate remedy for which – i.e., discontinuance of the procedure or cessation of the unconstitutional conduct – would not result in

Petitioner's accelerated release, § 2241 is not the proper avenue for the relief sought." (citations and footnote omitted)), *rec. adopted*, 2020 WL 4437484 (N.D. Tex. Aug. 3, 2020).

## Recommendation

The Court should dismiss this case without prejudice for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE